Electronically Submitted
1/20/2020 2:35 PM
Gregg County District Clerk
By: Elisha Calhoon ,deputy

CAUSE NO. 2020-148-A

| | | |
|---|---|---|
| LOOP 281 INVESTMENTS, LLC, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| vs. | § | 188TH  JUDICIAL DISTRICT |
| | § | |
| UTICA NATIONAL INSURANCE | § | |
| COMPANY OF TEXAS, | § | |
| Defendant. | § | GREGG COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES LOOP 281 INVESTMENTS, LLC, Plaintiff herein, files this its Original Petition against Defendant, UTICA NATIONAL INSURANCE COMPANY OF TEXAS, and, in support of its causes of action, would respectfully show the Court the following:

### I.  PARTIES

1.     Plaintiff, LOOP 281 INVESTMENTS, LLC, owns the property made the basis of this suit located at: 1315 West Loop 281, Longview, Texas 75605 (the "Property").

2.     Defendant, UTICA NATIONAL INSURANCE COMPANY OF TEXAS ("Utica" or "Defendant") is a domestic entity authorized to engage in the insurance business in the State of Texas and may be served by serving its Registered Agent for Service of Process, David C. Cunningham, 2435 North Central Expressway, Suite 400, Richardson, Texas 75080-2791. Service is requested by certified mail, return receipt requested at this time.

### II.  DISCOVERY

3.     Plaintiff intends to conduct discovery under a Level 3 discovery control plan pursuant to the Texas Rules of Civil Procedure.

### III.  CLAIM FOR RELIEF

4.     At this time, Plaintiff cannot assess accurately a definite limit to the damages it has sustained, or will sustain in the future, as a result of Defendant's acts. Given the early state of this litigation, projections have not been declared regarding the full extent and severity of the injuries



True and Correct copy of original filed in the Gregg County District Clerk Office

and damages. In view of these circumstances, Plaintiff does not wish to impose any limit on what it may present to the jury or what the jury may consider as a range of damages in this case; however, Plaintiff makes the following representation in compliance with Tex. R. Civ. P. 47(c) to aid in the efficient court administration. Plaintiff believes that the most reasonable option afforded under Tex. R. Civ. P. 47, at this time, prior to the completion of discovery in the case, is to seek monetary relief over $200,000 but not more than $1,000,000, exclusive of interest and costs, which is the only option that does not require Plaintiff to select a speculative, arbitrary cap on its damages. Plaintiff reserves the right to modify or adjust this statement, as the litigation progresses, and additional evidence is compiled. Regardless of what Plaintiff must state for administrative purposes as the amount of damages it seeks pursuant to Tex. R. Civ. P. 47(c), it desires to leave the final determination of damages, if any, to the sole province of the jury, based upon the credible evidence presented to the jury at trial.

### IV.     JURISDICTION AND VENUE

5.     This court has subject matter jurisdiction of this cause of action, because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court.

6.     Venue is proper in Gregg County under Tex. Civ. Prac. & Rem. Code §15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claim occurred in said County. In particular, the loss at issue occurred in this County.

### V.     FACTUAL BACKGROUND

7.     Plaintiff entered into an agreement with Defendant to pay Defendant premiums in exchange for insurance coverage protecting Plaintiff's Property.

8.     The agreement was drafted by Defendant and assigned Policy Number 4400197 (the "Policy").

9.     The Policy period is from April 1, 2018 to April 1, 2019 (referred to as the "Policy Period").

10.     Defendant has alleged that the Policy contains a cosmetic damage exclusion.

11.     Plaintiff did not sign acknowledging the cosmetic damage exclusion.

**Plaintiff's Original Petition**                                                            **Page 2**


True and Correct copy of original filed in the Gregg County District Clerk Office

12.     Defendant failed to explain the cosmetic damage exclusion to Plaintiff when including it in Plaintiff's Policy.

13.     Further, Plaintiff did not receive a reduction in premiums when Defendant included the exclusion in the Policy.

14.     Defendant knowingly and/or intentionally misrepresented Plaintiff's Policy by failing to disclose that Defendant included a cosmetic roof damage endorsement in the Policy prior to selling the Policy.

15.     Plaintiff never requested Defendant sell it a cosmetic roof damage endorsement nor was the endorsement disclosed and provided to Plaintiff prior to purchasing the policy. Thus, Plaintiff never purchased a policy that included a cosmetic roof endorsement.

16.     The Policy covers damage to property as a result of wind, hail, and rain.

17.     During the Policy Period, Plaintiff's property sustained damage as a result of a wind, hail, and rainstorm that hit Gregg County, Texas.

18.     Plaintiff subsequently filed a claim under the Policy.

19.     Defendant assigned the claim, claim number 10180175 (referred to as the "Claim").

20.     Defendant assigned Alan Renshaw ("Renshaw") with Sedgwick Claims Management Services ("Sedgwick") as the third-party administrator of the Claim.

21.     On or around April 15, 2019, Plaintiff hired Advanced Public Insurance Adjusters, LLC ("APIA") as its public adjuster to handle the claim with Defendant and to inspect the property.

22.     On or around June 5, 2019, Renshaw performed an inspection of the Property. Even though Renshaw concluded that some evidence existed of hail damage, he also inaccurately determined without sufficient evidence or support that the hail dents were cosmetic in nature rather than the result of functional damage to the roof. Further, Renshaw inaccurately determined that there was no opening to the roof that could cause the interior damages, which is simply not the case.



True and Correct copy of original filed in the Gregg County District Clerk Office

23.     In Defendant's decision letter dated August 14, 2019, it denied Plaintiff's Claim to pay for its property damages based upon Sedgwick's inspection and inaccurate analysis. Additionally, Defendant inaccurately claimed without sufficient support and evidence that even though the West and North Elevations are covered under Plaintiff's Policy, the covered portion of the Claim is allegedly less than Plaintiff's deductible. Accordingly, Defendant wholly failed to compensate Plaintiff for its extensive property damage.

24.     During the investigation, Defendant and its adjusters misrepresented Plaintiff's policy and its endorsements and appears to have used a cosmetic roof damage endorsement that Plaintiff never purchased as a basis for not paying Plaintiff for its property damages.

25.     Sedgwick's conclusion of the cause of the Property damages is not based on any testing or actual observation of the Property. Sedgwick's conclusion is nothing more than speculation to support its ultimate objective in this claim, to find no covered loss.

26.     Sedgwick was obviously hired for one thing, to help Defendant deny Plaintiff's claim.

27.     Defendant and its adjusters and Sedgwick and its adjusters failed to perform a proper inspection of the Property and as a result improperly denied the Claim.

28.     Defendant and its adjusters and Sedgwick and its adjusters assigned to the Claim prepared a report that failed to include all of the damages sustained by the Property and undervalued the damages observed during the inspection.

29.     Defendant and its adjusters' and Sedgwick and its adjusters' unreasonable investigation led to the denial of Plaintiff's Claim.

30.     Moreover, Defendant and its adjusters and Sedgwick and its adjusters performed an outcome-oriented investigation of Plaintiff's Claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the Property.



True and Correct copy of original filed in the Gregg County District Clerk Office

## VI.    CAUSES OF ACTION

### A.    Breach of Contract

31.    Plaintiff reasserts and realleges the allegations set forth in paragraphs 7 through 35 of this Petition.

32.    Defendant entered into the Policy with Plaintiff.

33.    Plaintiff's Property sustained damage during the Policy Period as a result of wind, hail, and rain, which is a covered cause of loss under the Policy.

34.    Defendant breached the terms of the Policy by wrongfully denying the Claim.

35.    As a result of Defendant's breach of the Policy, Plaintiff has sustained actual damages and has incurred reasonable and necessary attorney's fees to date.

### B.    Insurance Code Violations

36.    Plaintiff reasserts and realleges the allegations set forth in paragraphs 7 through 40 of this Petition.

#### *Prompt Payment of Claims Statute*

37.    The failure of Defendant to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Article 542.051 et seq. of the Texas Insurance Code.

38.    Plaintiff, therefore, in addition to Plaintiff's Claim for damages are entitled to statutory interest and attorneys' fees as set forth in Article 542.060 of the Texas Insurance Code.

#### *541 Insurance Code Violations*

39.    Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

40.    Defendant violated § 541.051 of the Texas Insurance Code by:

     (1)    making statements misrepresenting the terms and/or benefits of the policy.

#### *Violation of § 541.060(a)(1):*

41.    Defendant violated § 541.060(a)(1) by misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue.

True and Correct copy of original filed in the Gregg County District Clerk Office

**Plaintiff's Original Petition**                                                  Page 5

*Violation of § 541.060(a)(2):*

42.     Defendant violated § 541.060(a)(2) by failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear.

*Violation of § 541.060(a)(3):*

43.     Defendant violated § 541.060(a)(3) by failing to promptly provide Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of the Claim.

*Violation of § 541.060(a)(4):*

44.     Defendant violated § 541.060(a)(4) by failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff.

*Violation of § 541.060(a)(7):*

45.     Defendant violated § 541.060(a)(7) by refusing to pay Plaintiff's Claim without conducting a reasonable investigation with respect to the Claim.

46.     Defendant violated § 541.061 by:

 (1) making an untrue statement of material fact;
 (2) failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;
 (3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;
 (4) making a material misstatement of law; and
 (5) failing to disclose a matter required by law to be disclosed.

## C.     DTPA Violations

47.     Plaintiff reasserts and realleges the allegations set forth in paragraphs 7 through 51 of this Petition.

48.     At all material times hereto, Plaintiff was a consumer who purchased insurance products and services from Defendant.

49.     Defendant is a "person" as defined by § 17.45 of the Texas Business and Commerce Code.

**Plaintiff's Original Petition**


True and Correct copy of original filed in the Gregg County District Clerk Office

Page 6

50.     Defendant violated the Texas Deceptive Trade Practices Act in the following respects:

(1)     Defendant represented that the agreement confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

(2)     Defendant failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed; and

(3)     Defendant, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action as prohibited by the DTPA § 17.50(a)(1)(3) in that this Defendant took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Insurance Code.

51.     Upon information and belief, Defendant knowingly committed the acts complained of. As such, Plaintiff is entitled to exemplary and/or treble damages and reasonable attorney's fees pursuant to the DTPA and Texas Insurance Code § 541.152(a)-(b).

**D.      Breach of The Duty of Good Faith and Fair Dealing**

52.     Plaintiff reasserts and realleges the allegations set forth in paragraphs 7 through 56 of this Petition.

53.     Plaintiff and Defendant entered into a valid and enforceable insurance policy.

54.     Defendant owed Plaintiff the common law duty of good faith and fair dealing.

55.     Defendant breached the common law duty of good faith and fair dealing by wrongfully denying the Claim and delaying payment on the Claim when Defendant knew or should have known liability was reasonably clear.

56.     Upon information and belief, Defendant's actions were performed without due regard or care for the Claim process and were done intentionally and/or with gross negligence.

57.     Defendant was aware at all times that its actions would result in the denial of Plaintiff's Claim, cause mental anguish and thus extraordinary harm associated with Plaintiff's Claim.

58.     As a result of Defendant's acts and/or omissions, Plaintiff sustained actual damages.



## E.      Fraud

59.      Defendant is liable to Plaintiff for common law fraud.

60.      Defendant sold Plaintiff a policy and deliberately and/or willfully withheld material terms of the policy, including the existence of a cosmetic roof surfaces endorsement. Defendant failed to disclose this material term to Plaintiff at the time it purchased this policy. Plaintiff relied Defendant's representations of the material terms of the policy, and Plaintiff believed its policy did not include a cosmetic roof surfaces endorsement. In the decision letter discussed above, Defendant sent language from what Defendant claimed was Plaintiffs' policy. In the decision letter discussed above, Defendant sent language from what Defendant claimed was Plaintiff's policy. This exclusion was not disclosed to Plaintiff prior to or after Plaintiff renewed his policy.

61.      Defendant knowingly represented to Plaintiff that its policy included coverages and/or provisions it did not include. Plaintiff purchased its policy after relying on Defendant's misrepresentations, and Plaintiff was damaged thereby.

62.      Each and every misrepresentation, as described above, concerned material facts for the reason that absent such representations, Plaintiff would not have acted as it did, which Defendant knew was false or made recklessly without any knowledge of the truth as a positive assertion.

63.      The statements were made with the intention that they should be acted upon by Plaintiff, who in turn acted in reliance upon the statements, thereby causing Plaintiff to suffer injury, which constitutes common law fraud.

64.      Defendant is liable to Plaintiff for damages arising out of its fraud, including punitive damages.

## VII.    Attorneys' Fees

65.      Plaintiff reasserts and realleges the allegations set forth in paragraphs 7 through 69 of this Petition.

66.      Plaintiff engaged the undersigned attorneys to prosecute this lawsuit against Defendant and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

True and Correct copy of original filed in the Gregg County District Clerk Office

67.   Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to TEX. CIV. PRAC. & REM. CODE §§ 38.001-38.003 because Plaintiff is represented by an attorney, presented the Claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the Claim was presented.

68.   Plaintiff further prays that it be awarded all reasonable attorneys' fees incurred in prosecuting its causes of action through trial and any appeal pursuant to Sections 541.152 and 542.060 of the Texas Insurance Code.

69.   Plaintiff further prays that it be awarded all reasonable and necessary attorney's fees incurred in prosecuting Plaintiff's DTPA causes of action above pursuant to § 17.50(d).

### VIII.   CONDITIONS PRECEDENT

70.   All conditions precedent to Plaintiff's right to recover have been fully performed or have been waived by Defendant.

### IX.   DEMAND FOR JURY

71.   Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff herein requests a jury trial and along with the filing of the Original Petition has tendered to the Clerk of the Court the statutory jury fee.

### X.   DISCOVERY REQUESTS

72.   Pursuant to Rule 194, You are requested to disclose, within fifty (50) days after service of this request, the information or material described in Rule 194.2(a)-(l).

### XI.   PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff herein prays that, upon final hearing of the case, it recovers actual damages, mental anguish and treble/exemplary damages from and against Defendant that may reasonably be established by a preponderance of the evidence, and that Plaintiff be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Plaintiff may show it to be justly entitled.

**Plaintiff's Original Petition**                    **Page 9**


True and Correct copy of original filed in the Gregg County District Clerk Office

Respectfully submitted,

**PRESTON DUGAS LAW FIRM, PLLC**
1701 River Run, Suite 703
Fort Worth, Texas 76107
Telephone:     (817) 945-3061
Facsimile:      (682) 219-0761
Email: preston@pjdlawfirm.com

By:/s/Preston J. Dugas III
PRESTON J. DUGAS III
State Bar No. 24050189

**ATTORNEY FOR PLAINTIFF**

CERTIFIED COPY CERTIFICATE
STATE OF TEXAS COUNTY OF GREGG
I hereby certify that the above, consisting of 10
pages, is a true and correct copy of the original
record on file in the District Clerk's Office of
Gregg County, Texas
This 18 day of March, 20 20
TREY HATTAWAY, DISTRICT CLERK
BY: _____ Deputy